UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHS INDUSTRIES, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES CUSTOMS AND )<br>BORDER PROTECTION, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 06-2205 (GK)<br>ECF |

**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO THE COMPLAINT**

Pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, defendants United States Customs and Border Protection ("Customs"), United States Environmental Protection Agency ("EPA"), and unknown employees of both agencies, respectfully move for a 30-day extension of time to respond to the Complaint.  After consultation, plaintiff, through its counsel, declined to express an opinion either way on the relief being sought in this motion.  This is defendants' first request for more time. The grounds for this motion are set forth below and a proposed order is attached.

Plaintiff CHS Industries, LLC, a Florida corporation, has brought this action alleging that certain stationary generators were improperly disallowed entry into the United States from China.  Plaintiff alleges that the government seized the generators in the port of Savannah, Georgia on September 21, 2006 for failure to comply with importing regulations.  See Complaint, ¶¶18, 24 & Exh. A.  According to the Complaint, the United States Customs and Border Protection and Environmental Protection Agencies would allow CHS to export the generators.  See id. ¶ 25.  Plaintiff filed this

action seeking return of the generators under Rule 41(g) of the Federal Rules of Civil Procedure, and monetary damages against multiple individual federal employees of Customs and EPA under Bivens v. Six Unknown Federal Agents, 403 U.S. 388 (1971), for an alleged violation of due process. *Bivens* claims are asserted against individual government actors and, in appropriate situations, allow for the award of monetary damages. See, e.g., Butz v. Economou, 438 U.S. 478, 504 (1978). Based on a plain reading of the Complaint, it appears that the individual defendants are being sued in this matter in their individual capacities.[1]

Although the individual defendants are identified as unknown in the caption of the Complaint, several names of individual federal employees appear in the body of the Complaint where they are named in their individual capacities. See Complaint, ¶¶ 5-7. Accordingly, these individuals have initiated the process of obtaining legal representation in this matter from the Department of Justice. These requests have not yet been acted upon. Each defendant has a right to participate in his defense. See Tennessee v. Lane, ___ U.S. ___, 124 S. Ct. 1978 (2004) ("The Due Process Clause also requires the States to afford certain civil litigants a 'meaningful opportunity to be heard' by removing obstacles to their full participation in judicial proceedings."), citing Boddie v. Connecticut, 401 U.S. 371, 379 (1971); M.L.B. v. S.L. J., 519 U.S. 102 (1996). Counsel also has an ethical obligation to communicate sufficiently with each client to allow him

---

[1] By way of this motion for an extension of time, the defendant submits that he has not waived any defense or defenses available to him under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

2

or her to make informed decisions concerning his defense.  See D.C. Rule of Professional Conduct 1.4.  This is particularly crucial here because plaintiff is seeking damages from these people in their personal capacities.

Therefore, additional time is needed to allow sufficient time for the requests for representation to be granted and for consultation and preparation of appropriate responses on behalf of all defendants.  The best interests of the parties and the Court weigh in favor of having all defendants respond simultaneously.  This motion is filed in good faith and will not unduly delay the Court's ability to resolve this matter efficiently.[2]

WHEREFORE, based on the foregoing, the defendants respectfully request that the time for answering or otherwise responding to the complaint be extended to and including April 5, 2007.  A proposed order is attached.

Dated: March 2, 2007.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C.BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[2] Undersigned counsel notes that she would have filed this motion sooner but has been involved in a trial in Desmond v. Gonzales, Civil Action No. 03-1729 (CKK)

3

          /s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th St., N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHS INDUSTRIES, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES CUSTOMS AND )<br>BORDER PROTECTION, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 06-2205 (GK)<br>ECF |

### ORDER

UPON CONSIDERATION of defendants' motion for enlargement of time to respond to the complaint, any opposition thereto, and the entire record in this case, the Court finds that good cause exists for the motion. Accordingly, it is

ORDERED that defendants' motion is GRANTED, and it is further

ORDERED that defendants shall have through and including April 5, 2007 to respond to the complaint.

_____          _____
Date                                                          GLADYS KESSLER
                                                                     United States District Judge


Copies Through ECF to counsel of record