## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CHS INDUSTRIES, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 06-2205 (GK)** |
| | ) | **ECF** |
| **UNITED STATES CUSTOMS AND** | ) | |
| **BORDER PROTECTION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## FEDERAL AGENCY DEFENDANTS' MOTION TO DISMISS

Defendants United States Customs and Border Protection, United States Environmental Protection Agency, and unknown employees of both agencies, respectfully move to dismiss this case under Rule 12(b) of the Federal Rules of Civil Procedure based on a lack of subject matter jurisdiction, improper venue, the absence of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6). The grounds for this motion are set forth in the accompanying memorandum in support.

Defendants further respectfully note that the three individual federal employees specifically identified at paragraphs five, six, and seven of the Complaint have not yet been served. As such, even if they are properly considered defendants despite being omitted from the caption and Count II of the Complaint which purports to assert claims against individuals, their time for responding to the Complaint has not yet begun to run. See Fed.

R. Civ. P. 12(a); <u>see also</u> Fed. R. Civ. P. 8.[1]  Nevertheless, in the interests of judicial economy and the agency defendants' loyalty to its employees, the federal agency defendants include argument relating to the claims asserted against individual employees to demonstrate that the grounds for dismissal of the entire case are so clear that it would be futile to allow this action to continue while plaintiff attempts to perfect service on any individuals.

Dated: April 5, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/ _____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ _____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th St., N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

---

[1]  For the same reason, the three individual employees identified in the Complaint will **not** be appearing either personally or through undersigned counsel at the initial scheduling conference currently set for April 26, 2007 at 10:00 a.m.  Their absence, however, is not intended in any way as any sign of disrespect to the Court.  Until they are properly served, these putative defendants are under no obligation to respond to the Complaint at all, and are following the advice of counsel to avoid making any kind of appearance in this matter.  All employees expressly preserve all defenses available to them, including insufficiency of service of process and immunity from suit.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHS INDUSTRIES, LLC,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　**Plaintiff,**　　　　　) | |
| 　　　**v.**　　　　　　　　　　　　　) | **Civil Action No. 06-2205 (GK)** |
| 　　　　　　　　　　　　　　　　　　　) | **ECF** |
| UNITED STATES CUSTOMS AND　　　) | |
| BORDER PROTECTION, <u>et</u> <u>al.</u>,　　) | |
| 　　　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　**Defendants.**　　　　) | |
| _____) | |

**FEDERAL AGENCY DEFENDANTS'**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiff CHS Industries, Inc. ("CHS"), a Florida corporation, brings this action challenging the detention of property in which it allegedly has an interest at the Port of Savannah, Georgia. According to the Complaint, CHS attempted to import into the United States certain stationary generators with non-road engines that had been manufactured by a Chinese company and were to be delivered to CHS at its facility located in Florida. <u>See</u> Complaint, ¶¶ 3, 9, 11-12. Neither the point of sale nor the payment of money by CHS to the Chinese company for the generators is alleged in the Complaint, but CHS allegedly intended to re-sell the generators. <u>See</u> <u>id</u>. ¶19. On or about August 7, 2006, the generators arrived at the Port of Savannah, Georgia, and were detained by United States Customs officials for noncompliance with certain requirements applicable to these engines. <u>See</u> <u>id</u>. ¶¶ 13, 14, 16, 18.

After receiving notice that the generators had been detained, CHS availed itself of the available administrative process and received an administrative decision from

Customs allowing the export of the generators to a non-contiguous country, but not to complete importing them into the United States. <u>See</u> Complaint, Exhibit D (Nov. 14, 2006 Response to Petitions by U.S. Customs and Border Protection). At that point, CHS had two options: (1) accept and comply with the administrative decision; or (2) request that the matter be referred to an appropriate U.S. Attorney's Office for the institution of judicial forfeiture proceedings. <u>See</u> 19 U.S.C. § 1608.

Instead, CHS has improperly come into this Court seeking the return of the generators under Rule 41(g) of the Federal Rules of Criminal Procedure and damages to compensate it for their seizure allegedly without probable cause. <u>See</u> Complaint, ¶ 32-33, 44-45.[2] Although CHS specifies that it seeks damages under <u>Bivens v. Six Unknown Federal Agents</u>, 403 U.S. 388 (1971), from unnamed employees of Customs and EPA, the body of the Complaint also identifies three specific, current federal employees against whom plaintiff might be seeking damages in their individual capacities. <u>See</u> Complaint, Caption, ¶¶ 5-7; 35-45. To date, no individual employees have been served. The failure of service is largely irrelevant, however, because all of these claims are without merit. This action constitutes an improper attempt by CHS to circumvent a legitimate administrative process for the seizure and forfeiture of property located in Georgia, and it certainly does not belong in the District of Columbia.

---

[2] <u>See also</u> unnumbered paragraph following paragraph 45 of the Complaint which appears to constitute plaintiff's prayer for relief.

## Argument

This case must be dismissed for several, independent reasons. First, plaintiff has failed to identify any valid waiver of sovereign immunity for any claim against federal agencies or officials for actions in their official capacity. With respect to putative claims against individual employees in their individual capacities, a *Bivens* remedy is unavailable. As such, the Court lacks subject matter jurisdiction. Second, because the property is located in Georgia and nothing happened in the District of Columbia, venue is improper. Third, to the extent any individual defendant is sued in his individual capacity, his or her actions are protected by qualified immunity, and plaintiff has otherwise failed to state any claim on which relief could be granted. Fourth, the Complaint fails to state any valid claim. Fifth, the Court lacks personal jurisdiction over the individual employees involved in the detention of the generators because they are all located outside of D.C. and have not been personally served.

## I.    Standard of Review

Defendants move for dismissal of this case in its entirety pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(6) for lack of subject matter jurisdiction, for lack of personal jurisdiction, improper venue, for insufficiency of service of process, and for failure to state a claim upon which relief can be granted. The standard to be applied in deciding a motion to dismiss is well established. For purposes of deciding whether a plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations

must be resolved in favor of the pleader.  Caudle v. Thomason, 942 F. Supp. 635, 638 (D.D.C.  1996).  Despite this generous standard, the complaint still must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief can be granted.  Id.  A court must dismiss a complaint where, even assuming all the factual allegations are true, the plaintiff has failed to establish a right to relief based upon those facts.  Id.

In making determinations on a motion to dismiss under Rule 12(b)(6), the Court must view facts alleged in the complaint in the light most favorable to the plaintiff. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nix v. Hoke, 139 F. Supp. 2d 125 (D.D.C. April 2001), citing, Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001); see also Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998).  A complaint should be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 46. In this case, plaintiff fails to establish a right to relief on the substantive claims asserted even when the facts as alleged are accepted as true.[3]

Plaintiff also fails to establish that this Court has personal or subject matter jurisdiction or that this is the proper forum for his grievance.  Plaintiff clearly bears the burden of establishing subject matter jurisdiction,  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189

---

[3] Defendants, of course, do not concede that the factual allegations in plaintiff's Complaint are true and, in fact, would dispute at least some of them if this matter could survive.

(1936); Georgiades v. Martin-Trigona, 729 F.2d 831, 833 n. 4 (D.C. Cir. 1984), as well as

the burden of establishing personal jurisdiction over the individually-named

defendants.  See Dickson v. United States, 831 F. Supp. 893, 896-897 (D.D.C. 1993), aff'd

48 F.3d 562 (D.C. Cir. 1995).  Requests for dismissal for lack of jurisdiction over the

subject matter pursuant to 12(b)(1) require a similar standard of review as those for

failure to state a claim.  A court may resolve a motion to dismiss for lack of subject

matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the

motion based solely on the complaint.  Herbert v. National Academy of Science, 974

F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a

court may look beyond the allegations of the complaint, consider affidavits and other

extrinsic information, and ultimately weigh the conflicting evidence.  See id.

> Applying these standards demonstrates that Plaintiff's case should be dismissed
in its entirety.

## II.    Sovereign Immunity Protects All Defendants.

> To the extent that the Complaint might be interpreted to sue the United States

Customs and Border Protection agency, the Environmental Protection Agency, or any

federal employees in their official capacity, those defendants are protected by sovereign

immunity.  See, e.g., United States v. Nordic Village, 503 U.S. 30 (1992); Clark v. Library

of Congress, 750 F.2d 89, 101-02 (D.C. Cir. 1984); Meyer v. Reno,  911 F. Supp. 11 (D.D.C.

1996); Marshall v. Reno,  915 F. Supp. 426 (D. D.C. 1996); Deutsch v. U.S. Dept. of

Justice, 881 F. Supp. 49, 55 (D.D.C. 1995).  In the absence of a waiver of sovereign

immunity, those defendants may not be sued.  See FDIC v. Meyer, 510 U.S. 471 (1994).

Therefore, to the extent that the Complaint seeks any relief at all against the federal

agencies or employees in their official capacity, those claims must be dismissed.

The only claims asserted in the Complaint purport to be for the return of

property under Rule 41(g) of the Federal Rules of Criminal Procedure and a *Bivens*

theory.  Neither theory is viable.

### A.    Rule 41(g) Does Not Contain Any Waiver of Sovereign Immunity

As one of the rules governing criminal proceedings, Rule 41(g) is inapplicable in

this civil action.  Fed. R. Crim P. 1 ("These rules govern the procedure in all criminal

proceedings. . ."); see Fed. R. Civ. P. 1; United States v. Price, 914 F.2d 1507, 1508 (D.C.

Cir. 1990) ("We now hold that once the Government initiates an administrative

forfeiture proceeding and the property is not the subject of an ongoing criminal

proceeding, the District Court has no jurisdiction to resolve the issue of return of

property.").  Quite apart from its wholesale inapplicability, Rule 41(g) also does not

supply any waiver of sovereign immunity.  Bertin v. United States, 478 F.3d 489, 492 (2d

Cir. 2007) (holding that Fed. R. Crim. P. 41(g) "does not waive the sovereign immunity

of the United States with respect to actions for money damages relating to such

property"), citing Adeleke v. United States, 355 F.3d 144, 150-51 (2d Cir. 2004) (noting

that the Second Circuit was joining in the "unanimous conclusion of those sister circuits

that have addressed the issue[:]"  the Third, Fourth, Sixth, Seventh, Eighth, Eleventh

Circuits).  Thus, plaintiff's Count I of the Complaint clearly must be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

### B.      No Viable *Bivens* Claim Exists

Moreover, there is no reason for the Court to create or recognize a *Bivens* cause of action here because Plaintiff has other avenues to seek relief for its alleged injuries.  For one thing, the civil and criminal forfeiture statutes and rules of procedure provide for judicial review and limited remedies for the seizure and forfeiture of property in which plaintiff has a legitimate interest.  Administrative forfeitures are governed by the Customs laws, 19 U.S.C. § 1602 *et seq.*, as incorporated by 18 U.S.C. § 981(d), 21 U.S.C. § 881(d), and other forfeiture statutes, including 19 U.S.C. § 1608.  In this case, the generators were seized pursuant to 19 U.S.C. § 1595a(c), and 19 U.S.C. § 1608 allows CHS to challenge the forfeiture in the district court where the property is located by posting a bond and making the request.  For reasons entirely unclear by reading the Complaint in this case, CHS apparently elected not to do so here.  But the existence of legitimate forfeiture proceedings and a means of obtaining judicial review which CHS is affirmatively rejecting does not provide any good cause for creating a *Bivens* remedy.  Indeed, the comprehensive statutory scheme counsels hesitation in creating a *Bivens* remedy.  See Scweiker v. Chilicky, 487 U.S. 412 (1988).

In fact, Plaintiff admits in the Complaint that it has availed itself of some of these procedures.  Plaintiff acknowledges that Customs issued a notice of detention and a seizure notice.  Complaint, ¶¶ 14 and 18.  Plaintiff also acknowledges that it submitted a

- 7 -

petition for relief to Customs and that Customs issued a decision letter that allowed

CHS to export the generators if certain conditions were met.  Complaint, ¶¶ 23 and 25.

Plaintiff also had an adequate statutory remedy to challenge the Customs'

decision to seize the generators.  Plaintiff could have filed a claim and cost bond under

19 U.S.C. § 1608.  Upon the filing of a claim and cost bond, the matter is transferred to

the appropriate Untied States attorney for the institution of a judicial forfeiture

proceeding.  The legality of the seizure may then be tested in the judicial forfeiture

proceeding.  It is not necessary that the statutory remedial scheme be capable of

affording the plaintiff all of the relief it seeks in this action.  The controlling factor is that

Congress has created a comprehensive scheme.  See Spagnola v. Mathis, 859 F.2d 223,

228-30 (D.C. Cir. 1988) (en banc); Bush v. Lucas, 462 U.S. 367, 388-90 (1983).

In any event, the existence of a remedial scheme means there is no reason to

recognize the existence of a *Bivens* cause of action in this case.  See, e.g., Correctional

Servs. Corp. v. Malesko, 534 U.S. 61, 66-69 (2001); FDIC v. Meyer, 510 U.S. 471, 473

(1994); Schweiker v. Chilicky, 487 U.S. at 423.  Accordingly, Count II of the Complaint

should also be dismissed for lack of jurisdiction.  Fed. R. Civ. P. 12(b)(1).

## III.    Dismissal Is Warranted Because Venue is Plainly Improper in this District.

Although Rule 41(g) of the Federal Rules of Criminal Procedure does not provide

a waiver of sovereign immunity for this action, it does instruct plaintiff how to proceed

to resolve the dispute regarding the property.  In pertinent part, Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. <u>The motion must be filed in the district where the property was seized.</u>

Fed. R. Crim. P. 41(g) (emphasis supplied). Under this rule, venue in a forfeiture proceeding is determined by the location of the property. Because the Complaint plainly alleges that the property was seized in Savannah, Georgia, venue is improper in the District of Columbia. <u>See</u> Complaint, ¶ 13.

Venue in D.C. is equally lacking under plaintiff's purported *Bivens* theory because venue in *Bivens* cases is governed by 28 U.S.C. § 1391(b). <u>See</u> <u>Stafford v. Briggs</u>, 444 U.S. 527, 544 (1980); <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 257 (D.C. Cir. 1993); <u>Pollack v. Meese</u>, 737 F. Supp. 663, 665 (D.D.C. 1990). Accordingly, venue is proper only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). None of the three federal employees identified in paragraphs five through seven of the Complaint reside in D.C., none of the events or omissions occurred in D.C., and none of the individually-named employees may be found in the District of Columbia. <u>See</u> Complaint, ¶¶ 5, 6 & Exhibit C (alleging and showing that the individual federal employees are all located outside D.C.). Therefore, venue is improper and dismissal is appropriate pursuant to Rule 12(b)(3).

IV.    **The Complaint Fails to State A Valid Claim**

A.    **Qualified Immunity Protects The Federal Employees, Both Known and Unknown**

Plaintiff alleges that either unknown or perhaps the three individual federal employees mentioned at paragraphs five through seven of the Complaint are personally liable to CHS in damages under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for depriving it of or interfering with their constitutional rights. See Complaint, Count II. It is well settled that the federal employee-defendants are entitled to qualified immunity from suit for personal damages if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Saucier v. Katz, 533 U.S. 194 (2001); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). See Siegert v. Gilley, 500 U.S. 226 (1991); Davis v. Scherer, 468 U.S. 183, 197 (1984). The qualified immunity defense in this context is "an immunity from suits rather than a mere defense from liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Supreme Court has repeatedly stressed the desirability to resolve the qualified immunity issues at the earliest stage of litigation. Hunter v. Bryant, 502 U.S. 224, 227 (1991); Anderson v. Creighton, 483 U.S. 635 (1987); Mitchell v. Forsyth, supra. In fact, "[u]ntil the threshold of immunity is resolved, discovery should not be allowed." Siegert, 500 U.S. at 231.

The D.C. Circuit has established a two-prong test to review the applicability of the qualified immunity defense. First, the Court should examine whether "the facts

show the officer's conduct violated a constitutional right." <u>Lederman v. United States</u>, 291 F.3d 36, 46 (D.C. Cir. 2002) (citations omitted).  Second, the Court will look at whether the right was clearly established.  In assessing whether a particular right is sufficiently established to place a defendant on notice that his conduct was unconstitutional, the D.C. Circuit looks to decisions of "the Supreme Court, the District of Columbia Circuit, and, to the extent there is a consensus, other circuits [that] have spoken clearly on the lawfulness of the conduct at issue."  <u>Butera v. District of Columbia</u>, 235 F.3d 637, 652 (D.C. Cir. 2001).  Defendants are only liable "if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution." <u>Harris v. District of Columbia</u>, 932 F.2d 10, 13 (D.C. Cir. 1991).

The immunity question is resolved by examining the reasonableness of the defendant's conduct in light of clearly established federal law.  <u>Malley v. Briggs</u>, 475 U.S. 335, 345 (1986).  Therefore, the defendant's conduct is "analyzed according to an objective, rather than subjective, standard of reasonableness."  <u>Foster v. McGrail</u>, 844 F. Supp. 16, 23 (D. Mass. 1994) (quoting <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987)).

Where, as here, qualified immunity may apply as a defense, the courts ordinarily will resolve two issues: (1) whether a constitutional right would have been violated on the facts alleged; and (2) assuming the violation is established, whether the right alleged to have been violated was clearly established such that a reasonable person would have known of its existence.  <u>Saucier</u>, 533 U.S. at 196.  As shown below, even accepting

plaintiff's factual allegations as true, they fail to establish that plaintiff's constitutional rights were violated by anyone.

Plaintiff fails to allege that any employee of the federal government knew, or were unreasonable in not knowing, that their behavior allegedly violated some purported constitutional right. Although plaintiff may disagree with the government's conclusion about the noncompliance of the generators with federal regulations, there is no indication whatsoever that the any federal employee involved in this matter acted unreasonably or in anything other than good faith.[4] In fact, the Complaint demonstrates that the actions of the federal employees were eminently reasonable. The letter from EPA attached to the Complaint outlines the rationale for the actions that the employees took in the course of their employment and demonstrates the reasonableness of their actions. The federal employees reached a reasoned and rational conclusion that the engines at issue in this case were mobile source engines that were not properly certified. Furthermore, the letter evidences that the employees concluded that even if CHS's assertion that the engines were not subject to the mobile source certification requirements was correct, the engines were not compliant because they were not properly labeled.

---

[4] See Washington Teachers Union Local # 6 v. Board of Education, 109 F.3d 774, 781 (D.C. Cir. 1997) (noting that it is plaintiff's burden to demonstrate no rational connection between the government action and the interests asserted by the government); George Washington University v. District of Columbia, 148 F. Supp.2d 15, 17 (D.D.C. 2001) (plaintiff must show that actions of the government are unsupportable on any rational basis).

**B.      CHS Fails to Allege A Due Process Violation Because the Complaint and Exhibits Demonstrate That Sufficient Process Was Afforded**

Due process is only implicated when there is a constitutionally protected liberty or property interest at stake.  <u>Matthews v. Eldridge</u>, 424 U.S. 319, 332 (1976); <u>Board of Regents v. Roth</u>, 408 U.S. 564, 576-77 (1972) (to prevail on a Fifth Amendment claim, plaintiff must show the deprivation of a cognizable property or liberty interest); <u>Giacobbi v. Biermann</u>, 780 F. Supp. 33, 41 (D.D.C. 1992), <u>aff'd</u>, 1992 WL 309042 (D.C. Cir. Oct. 6, 1992).  To establish a due process right, a party must demonstrate a "legitimate claim of entitlement"' to, as opposed to merely a "need or desire for, or unilateral expectation of" the government conduct at issue.  <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577 (1972).  An entitlement generally depends on a mandatory, rather than discretionary, government conduct.  <u>See</u> <u>Dun & Bradstreet Corp. v. United States Postal Serv.</u>, 946 F.2d 189, 193 (2d Cir. 1991).

In this case, plaintiff points to no statute, regulation, or contract that required the United States or its agencies or employees to allow the generators to be imported. [5]

_____

[5]  Paragraph 12 of the Complaint appears to allege that the sale of the generators by the Chinese company to CHS was not complete until the generators were delivered to CHS's facility in Edgewater, Florida.  <u>See</u> Complaint, ¶ 12.  Because the Complaint also makes clear that the generators have failed to reach Florida, it is possible that the sale from the Chinese company to CHS has not been consummated, and that CHS may also have a possible claim against the Chinese manufacturer for breach of the contract for sale.  CHS clearly alleges that successful importing of the generators into the United States and delivery to Florida were material terms of the sales agreement.  As such, CHS's ownership interest in the generators is unclear.  Standing and ownership are two different concepts under the forfeiture statutes generally, and once again, the resolution of these issues is best left to a court possessing jurisdiction over the property.  <u>See</u>, <u>e.g.</u>, <u>United States v. One Lincoln Navigator 1998</u>, 328 F.3d 1011 (8th Cir. 2003) (discussing

Moreover, the process due at the administrative phase of a forfeiture proceeding is largely governed by statute, and the Complaint is bereft of any suggestion that any of its provisions were violated in this case.  Accordingly, even if accepted as true, the allegations in the Complaint fail to allege any cognizable claim with regard to the forfeiture.

Even if there were a violation at the administrative phase, however, additional process is or was available to CHS in an appropriate federal court in Georgia where CHS may obtain judicial review of the procedures.  See 19 U.S.C. § 1608.  Plaintiff's vague and conclusory assertion of a due process violation are insufficient to establish a valid claim because while the Court must accept as true for purposes of defendant's motion all well-pleaded facts, it is not bound by legal conclusions which are unsupported by appropriate factual allegations.  Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987) ("A plaintiff's bare conclusions of law . . . will not be deemed admitted" for purposes of a motion to dismiss under Rule 12(b)(6).").

In addition, the failure of the sale may deprive CHS of a legitimate property interest in the generators such that their detention violated any due process right of CHS's.  The implications of the ownership issues are best addressed by a federal court with jurisdiction over the generators because without that, this Court would likely have difficulty crafting an effective remedy.  In any event, the Complaint itself also demonstrates affirmatively that CHS received a substantial amount of process.  Plaintiff

---

the distinction between standing and ownership).

- 14 -

admits in the Complaint that on the same date the generators were detained, which was even before Customs issued a notice of detention, it had communications with Customs and EPA concerning the problems with the generators.  Complaint, ¶¶ 13, 15.  CHS also admits that it received actual notice of the detention.  Complaint, ¶ 14.[6]  In response, CHS submitted an application for relief to Customs.  Id. ¶ 17.  Based on the entire record, it is undeniable that CHS had actual notice of the detention and a consequential opportunity to be heard on the subject of the compliance of the generators with applicable regulations before, during, and after any administrative action by federal authorities.  See Matthews v. Eldridge, 424 U.S. at 333 ("the fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful way.'").[7]  Because the allegations show that the agencies and their employees acted

---

[6]  Notably, the address on the Certified Mail return receipt on the notice of seizure on Exhibit A to the Complaint matches that provided by plaintiff itself on the caption of the Complaint filed in this Court.

[7]  Any argument that the investigation which led to the detention of the generators violated plaintiff's due process rights because it was supposedly shoddy is also insufficient to alter this analysis.  See Holland v. Heckler, 764 F.2d 1560, 1562-63 (11th Cir. 1985) (an Administrative Law Judge's ability to investigate disability claims does not give rise to a constitutional violation where the ALJ has sufficient reason for his decision, even if additional evidence might have been discovered through further investigation); see also Roth, supra; Council of & for the Blind of Delaware County Valley, Inc. v. Regan, 709 F.2d 1521 (D.C. Cir. 1983) (en banc) (holding that an agency's failure to investigate did not violate due process); State of Illinois v. Interstate Commerce Comm'n, 709 F.2d 1186, 1193-94 (7th Cir. 1983) (rejecting challenge to the Interstate Commerce Commission's decision to forego additional investigation of effects of abandoning certain railway lines and recognizing that, to the extent due process concerns were implicated, the costs of additional procedures had to be weighed against the likely benefits to be obtained).

reasonably in carrying out their duties and afforded CHS considerable process, the

employees would be entitled to qualified immunity from suit for their actions.

**V.      The Lack of Subject Matter and Personal Jurisdiction Over the Three
        Identified Employees Require Dismissal**

> **A.      The Property Which is The Subject of the Complaint is Outside the
>          District of Columbia**

This Court plainly lacks jurisdiction over the *res* plaintiff claims to be seeking

return.  The Complaint alleges that the generators were seized at the Port of Savannah,

Georgia, and does not allege that they ever passed through the District of Columbia.

Complaint, ¶ 13.  This creates a fundamental lack of subject matter jurisdiction because

the Court faces substantial hurdles in terms of crafting any effective remedy.   Fed. R.

Civ. P. 12(b)(1).

> **B.      This Court Lacks Personal Jurisdiction Over the Three Federal
>          Employees Mentioned At Paragraphs 5 Through 7 of the Complaint.**

The Court may exercise personal jurisdiction over individual federal agency

employees only if (1) they have been properly served, (2) personal jurisdiction is

authorized by the D.C. "long-arm" statute, and (3) personal jurisdiction is consistent

with the Due Process Clause.  See Lott v. Burning Tree Club, Inc., 516 F. Supp. 913, 915

(D.D.C. 1980); accord International Shoe Co. v. State of Washington, Office of

Unemployment Compensation & Placement, 326 U.S. 310, 319 (1945).  Plaintiff bears the

burden of establishing a *prima facie* factual basis for personal jurisdiction.  Crane v. New

York Zoological Society, 894 F.2d 454, 456 (D.C. Cir. 1990).

- 16 -

    1.       **The D.C. Long-Arm  Does Not Reach the Three Federal Employees Located Outside D.C.**

In personam jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" statute of the District of Columbia.  See Crane v. Carr, 814 F. 2d 758, 762 (D.C. Cir. 1987).  The District's long arm statute provides, in pertinent part:

(a)    A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--

    (1)    transacting any business in the District of Columbia;

    (2)    contracting to supply services in the District of Columbia;

    (3)    causing tortious injury in the District of Columbia by an act or omission  in the District of Columbia;

    (4)    causing tortious injury in the District of Columbia by an act or omission  outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

    (5)    having an interest in, using, or possessing real property in the District of Columbia;

    (6)    contracting to insure or act as surety . . . ; or

    (7)    marital or parent and child relationship . . .

(b)    When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

- 17 -

D.C. Code § 13-423 (2000).  Plaintiff cannot establish in personam jurisdiction under any of these provisions of the D.C. long-arm statute.  The employees identified in the Complaint all live and work outside D.C., and none of the actions or injuries alleged in the Complaint naturally occurred in D.C. because the property was seized in Georgia. See Complaint, ¶¶ 5-6 (alleging that one employee "is the Area Port Director for Customs in Savannah, Georgia" and another is "the Customs' Fines, Penalties and Forfeitures Officer in Savannah, Georgia"); see also Complaint, Exhibit C (Nov. 13, 2006 letter from the third employee identifies him as an attorney associated with the Western Field Office of EPA's Air Enforcement Division in Denver, Colorado).

### 2.    Minimum Contacts Are Lacking

Similarly, Plaintiff cannot show the required minimum contacts under Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102 (1987), and Wiggins v. Equifax Inc., 853 F. Supp. 500 (D. D.C. 1994).  Again, the burden is on plaintiffs to establish personal jurisdiction.  See Blumenthal v. Drudge, 992 F. Supp. 44, 53 (D. D.C. 1998).  The mere fact that the individuals identified in the Complaint by name are employees of the federal government, which has its Capitol and numerous offices in D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia.  See Cameron v. Thornburgh, 983 F.2d  235, 256 (D.C. Cir. 1993) ("Courts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming

high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere."); <u>Reuber v. U.S., et al.</u>, 750 F.2d 1039 (D.C. Cir.1984).

### 3.    Insufficient Service of Process.

It is well-established that, in an action against a federal employee in his or her individual capacity, the individually sued defendant must be served with process in accordance with Rule 4(e), which requires that a copy of a summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.  Service on the United States Attorney "does not obviate the requirement of personal service under Fed. R. Civ. P. 4(d)(1) where the action is in substance against a federal official in his individual capacity."  <u>See</u> <u>Lawrence v. Acree</u>, 79 F.R.D. 669, 670 (D.D.C. 1978).

Here, the three employees identified in the Complaint have not been personally served nor served at their homes.  Actual notice does not substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-named defendant.  <u>See</u> <u>Sieg v. Karnes</u>, 693 F.2d 803 (8th Cir. 1982); <u>see also</u> <u>Stafford v. Briggs</u>, 444 U.S. 527 (1980).  The service of process thus being defective as to the putative defendants in their individual capacities, this action cannot proceed against them personally.  <u>Micklaus v. Carlson</u>, 632 F.2d 227, 240

(3rd Cir. 1980); <u>Griffith v. Nixon</u>, 518 F.2d 1195, 1196 (2d Cir. 1985), <u>cert. denied</u>, 423 U.S. 995 (1975).

Because the employees have not been served, they have not made any appearance in this action.  <u>See</u> Fed. R. Civ. P. 12(a).  Nothing in this motion constitutes an acquiescence in the manner of service, a waiver of proper service, or a voluntary entrance of appearance.  Significantly, because the claims asserted against agency employees are invalid, and the three identified are all outside the personal jurisdiction of the Court, there is no need to defer dismissing this case in its entirety because dismissal would be proper even if the three of them had been served.  <u>See</u> Fed. R. Civ. P. 12(b)(2); <u>see also</u> <u>Simpkins v. D.C.</u>, 108 F.3d 366 (D.C. Cir. 1997).

## CONCLUSION

For all these reasons, this case should be dismissed.  As noted by the D.C. Circuit in <u>Simpkins v. District of Columbia Government</u>, 108 F.3d 366 (D.C. Cir. 1997), "delaying the inevitable [dismissal of individual capacity claims] would not be in keeping with the Supreme Court's instruction to the lower federal courts 'to weed out' insubstantial <u>Bivens</u> suits 'expeditiously.'" <u>Id</u>. at 370, quoting <u>Siegert v. Gilley</u>, 500 U.S. 226, 233 (1991).  Especially because plaintiff has a forum other than this Court in which to address the return of the property, which is the nucleus of this case, this matter should not linger on the Court's docket to the detriment of individual federal employees who have merely done their jobs.  <u>See</u> <u>Cameron v. Thornburg</u>, 983 F.2d 253, 257 n.5 (D.C. Cir. 1993) (dismissing with prejudice a *Bivens* action for improper venue where the Court was "convinced" that the plaintiff had not stated a valid claim).

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

- 21 -

/s/
_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
Civil Division
555 4th St., N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161