UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHS INDUSTRIES, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES CUSTOMS AND )<br>BORDER PROTECTION, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 06-2205 (GK)<br>ECF<br><br>**NEXT SCHEDULED EVENT:**<br>Initial Scheduling Conference<br>April 26, 2007 at 10:00 a.m. |

## JOINT MEET AND CONFER STATEMENT

Pursuant to Local Rule 16.3, the parties respectfully submit their Joint Meet and Confer Statement. A brief summary of the claims and defenses is set forth below, and the remainder reflects the parties' discussion following the numbering and topics of Local Civil Rule 16.3(c).

This case involves claims stemming from the detention and administrative forfeiture of certain property which arrived in the Port of Savannah, Georgia in 2006. Plaintiff seeks return of the property under Rule 41(g) of the Federal Rules of Criminal Procedure, and seeks damages under a *Bivens* theory against various unidentified federal employees involved in the decision that the property could not be legally imported into the United States. Defendants have filed a motion to dismiss arguing, among other things, that the Court lacks subject matter and personal jurisdiction, that venue is improper in the District of Columbia, that there is no proper *Bivens* claims based on the alleged facts, and even if there were, defendants have qualified immunity from suit. Plaintiff has filed an opposition to defendants' motion, and defendants will be submitting a timely reply to that opposition on April 26, 2007.

The remainder of this report addresses the topics identified in Local Civil Rule 16.3.

1. Defendants believe that this case is likely to be disposed of by the pending dispositive motion and that any matters, including discovery, should be await the resolution of the motion. Plaintiff believes the case cannot be resolved through dispositive motions.

2. The plaintiff anticipates needing to add parties to this case once their identifies become known during discovery, if the case reaches that point. Defendants do not believe that parties will need to be added because there is no viable legal claim against any individual federal employees pleaded in the Complaint.

3. The parties oppose assignment of the case to a Magistrate Judge for all purposes including trial.

4. Due to the presence of potential *Bivens* claims, defendants do not anticipate that a settlement of this case is currently likely. There have been no discussions of settlement to date.

5. The parties do not believe that at this time they can benefit from referral to alternative dispute resolution procedures.

6. Defendants believe that the case can be resolved through the pending motion to dismiss. Because the motion will be fully briefed on the same day as the initial scheduling conference, there is no need for proposing a schedule. Plaintiff believes the case cannot be resolved through motions to dismiss or summary judgment. After the motion to dismiss is decided, a schedule for dispositive motions should be established.

7. The parties agree that the exchange of the initial disclosures provided in Fed. R. Civ. P. 26(a)(1) should be deferred until after the resolution of defendants' pending motion to dismiss.

8. Defendants oppose the initiation of discovery until after its motion to dismiss is resolved, particularly because it asserts qualified immunity from suit on behalf of some of the putative defendants. Establishment of a discovery period in the future would be unduly speculative because the denial of a qualified immunity defense is also subject to immediate appeal.

9. The application of requirements of the Fed. R. Civ. P. 26(a)(2) should be deferred until such time as the Court develops a discovery schedule, if necessary.

10. This case is not a class action.

11. The parties do not currently anticipate any need to bifurcate trial or discovery.

12. Based on the current posture of this case and the nature of the claims and defenses, the parties agree that scheduling a pre-trial conference would be premature.

13. The parties agree that the setting of a trial date at this time is premature.

Dated: April 25, 2007.

Respectfully submitted,

/s/_____     _____
PETER HERRICK, D.C. Bar # 137935         JEFFREY A. TAYLOR, D.C. Bar # 498610
Peter S. Herrick, P.A.                                United States Attorney
3520 Crystal View Court
Miami, Florida 33133
(305) 858-2332
                                                                  _____
                                                                  RUDOLPH CONTRERAS, D.C. Bar # 434122
Counsel for Plaintiff                              Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

Counsel for Defendant