UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHS INDUSTRIES, LLC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES CUSTOMS AND )<br>BORDER PROTECTION, et al., )<br>)<br>Defendants. )<br>_____/ | Civil Action No. 06-2205(GK) |

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND
STATEMENT OF POINTS AND AUTHORITIES**

Plaintiff, by and through its undersigned attorney, respectfully move the Court pursuant to Local Rule 7 for an Order to Show Cause why the U. S. Customs and Border Protection ["Customs"] Port Director at Savannah, Georgia should not be held in contempt of court, and, states the following:

On December 26, 2006 the plaintiff filed its complaint in this Court. On or about January 3, 2007 a copy of the complaint and summons was served, *inter alia*, on Customs. On April 5, 2007 the defendants filed their motion to dismiss.

Customs had seized plaintiff's 25 generators with a dutiable value of $30,462 and an appraised domestic value of $49,910. Customs issued a decision that the generators could be exported, *inter alia*, upon the payment of a $3,046 penalty and storage costs of $3,717. Plaintiff filed its complaint for the release of the generators since they had not been imported contrary to law.

1

In an email of September 4, 2007, defendant's counsel, Jane Lyons, Esq., notified undersigned counsel that the generators were sold on June 13, 2007 for $28,000 to avoid further deterioration of the generators and increasing storage costs. Customs failed to notify the Court, plaintiff or defendant's counsel of its intent to sell the generators.

## STATEMENT OF POINTS AND AUTHORITIES

While Customs has statutory authority, 19 U.S.C. §1612, to sell seized merchandise to prevent deterioration and excessive storage charges, it does not have the right to ignore this pending litigation. As a minimum, Customs should have applied to this Court to let it proceed with the sale pursuant to section 1612. Although there is no court order at issue, this Court has the inherent power to control its proceedings. "In addition, it is firmly established that the power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for the 'underlying concern that gave rise to the contempt power was not merely the disruption of court proceedings.'" Russell Chambers v. Nasco, Inc., 501 U.S. 32, 44 (1991). [internal citations omitted].

In a case interpreting section 1612, Luis Gines-Perez v. Raymond W. Kelly, 333 F. 3d 313 (1st Cir. 2003) the court concluded that [Customs] "...should have provided the appellant with a proceeding in which to argue that the boat was not forfeitable and that he was no liable for any of the seizure and storage costs, and that the proceeds of the sale should go to him (rather than to defray seizure and storage costs.)" at page 316.

At this time Customs, and, particularly the port director, have deprived the plaintiff of the opportunity to prove the generators were not forfeitable and the profits to be earned

through sales in the United States.

### NOTICE TO OPPOSING COUNSEL

Pursuant to Local Rule 7(m) undersigned counsel sent an email to Ms. Lyons on September 17, 2007 advising of the possible filing of this motion. Ms. Lyons, in a responsive email of the same date, is objecting to this motion, *inter alia*, because there is no clear order of this Court that the port director has violated and the Court lacks personal jurisdiction over the port director. The sale proceeds are sitting safely in the Treasury Forfeiture Fund. Ms. Lyons will also be providing documents concerning the sale of the generators.

WHEREFORE, plaintiff respectfully moves the Court for an order to show cause as to why the Customs port director in Savannah, Georgia should not be held in contempt for selling the generators without notice to the Court, plaintiff and defendant's counsel while this case is still pending.

Respectfully submitted,

_____/s/_____
PETER S. HERRICK, D.C. Bar # 137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel.:   305-858-2332
Fax.:   305-858-6347
Email:  pherrick@bellsouth.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Jane M. Lyons, Esq., Assistant U. S. Attorney, 555 4th Street, N. W., Room E4822, Washington, D.C. 20530, attorney for defendants, on September 18, 2007.

Peter S. Herrick