UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHS INDUSTRIES, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-2205(GK) |
| | ) | |
| UNITED STATES CUSTOMS AND | ) | |
| BORDER PROTECTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE AND
STATEMENT OF POINTS AND AUTHORITIES**

Plaintiff, by and through its undersigned attorney, replies to Defendants' Opposition To Plaintiff's Motion For An Order To Show Cause, and, states the following:

**STATEMENT OF POINTS**

On or about January 3, 2007 a copy of the complaint and summons was served, *inter alia*, on the U. S. Customs and Border Protection ["Customs"]. Notwithstanding the fact that Customs was on notice that there was pending litigation for the return of the seized generators, Customs began publication on January 11, 2007 to forfeit the generators. [Mary Bensel-Mills Declaration ["Declaration"] ¶ 4.

The timely filing of a complaint pursuant to Rule 41(g), Federal Rules of Criminal Procedure trumps the filing of a claim and cost bond. Declaration ¶ 5.

Contrary to the representation in the Declaration ¶ 6, had the generators been

administratively forfeited there would have been included a declaration of forfeiture (19 U.S.C. §1609). Had there been a declaration of forfeiture the generators would have been auctioned pursuant to section 1609, not 19 U.S.C. §1612. Declaration ¶ 7. While the Declaration ¶ 8 states the goods were sold for "export only", there is no proof that the generators were exported, but rather, we suspect they were diverted into the United States.

### STATEMENT OF AUTHORITIES

Pursuant to 28 U.S.C. §1391(e) venue is proper either in this Court because decisions affecting the generators were made by Customs and the Environmental Protection Agency which are located in Washington, D. C. or, originally in Savannah, Georgia where the *res* was seized. However, now we do not know where the substituted *res* is located. Declaration ¶ 10.

Contrary to defendants' contention at footnote 2 of its opposition, a federal court has equitable jurisdiction to consider plaintiff's claims even in the absence of a live criminal case. See, United States v. Martinez, 241 F. 3d 1329, 1330-1331 (11th Cir. 2001).

Respectfully submitted,

_____/s/_____
PETER S. HERRICK, D.C. Bar # 137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel.: 305-858-2332
Fax.: 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Jane M. Lyons, Esq., Assistant U. S. Attorney, 555 4th Street, N. W., Room E4822, Washington, D.C. 20530, attorney for defendants, on October 4, 2007.

Peter S. Herrick