UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHS INDUSTRIES, LLC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES CUSTOMS AND )<br>BORDER PROTECTION, et al., )<br>)<br>Defendants. ) | Civil Action No. 06-2205 (GK) |

**PLAINTIFF'S AMENDED MOTION OPPOSING DEFENDANTS'
MOTION TO DISMISS OR IN THE ALTERNATIVE TO
TRANSFER AND ITS POINTS AND AUTHORITIES**

Plaintiff, CHS Industries, LLC. ["CHS"], by and through its undersigned attorney, pursuant to this Court's request that the parties submit "praecipes" files its Amended Motion Opposing Defendants' Motion To Dismiss Or In The Alternative To Transfer, and, states the following:

**Factual Background**

The factual background remains that same as in CHS' original opposition motion with the exception that after CHS filed its complaint for the return of its seized generators pursuant to Rule 41(g), Federal Rules of Criminal Procedure, the defendant, U. S. Customs and Border Protection ["Customs"] sold the generators at auction.

**Points and Authorities**

The points and authorities set forth in CHS' original opposition remain the same.

1

Since the seized generators were sold during the pendency of this litigation we are requesting this Court to determine whether defendants' conduct rendered them liable for damages, either as an equitable remedy or under the Federal Tort Claims Act.

**Damages**

1. **In Equity**

Since the generators are gone, the question becomes what relief may be granted. Where no criminal proceeding against CHS is pending, a motion for the return of property is "treated as [a] civil equitable proceeding [] even if styled as being pursuant to Fed. R. Crim. P. 41(e) [now 41(g)]." United States v. Martinson, 809 F. 2d 1364, 1367 (9th Cir. 1987). Furthermore, in *Martinson* at pp. 1367-1368 the court observed that "where a court of equity assumes jurisdiction because the complaint requires equitable relief, the court has power to award damages incident to the complaint." In Luis Mora v. United States, 955 F. 2d 156, 160 (2nd Cir. 1992) the court stated the following:

> "Further, when the government gives away, loses or destroys a prisoner's property, such unilateral conduct on the government's part does not, as it believes, thereby deprive the court where the motion for its return is pending of its jurisdiction. Rather, when a court has asserted its equitable jurisdiction over a matter, it retains that jurisdiction so long as necessary to afford appropriate relief to the movant. It is, of course, a basic rule that if Mora has a right to the return of his property under Rule 41(e), he may not effectively be deprived of a remedy to enforce that right. In Wilson, 176 App. D.C. 321, 540 F.2d 1100,[1] the court approached the question somewhat differently, but reached the same conclusion. Id. at 1104 (adequate civil remedies do not discharge the district court's duties nor disturb its jurisdiction)."

Thus, CHS has a right to the return of its property under Rule 41(g) and it cannot be deprived

---

[1] United States v. Wilson, 176 App. D.C. 321, 540 F. 2d 1100 (D.C. Cir. 1976)

of a remedy to enforce that right.

2. <u>**At Law**</u>

This Court should liberally construe CHS' complaint under the Federal Tort Claims Act, ["FTCA"] 28 U.S.C. §2671 *et seq.* "Although that Act does not allow a claim arising out of 'the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer,' 28 U.S.C. § 2680(c), this exception does not apply where the goods are no longer in the possession of the government, and therefore cannot be regarded as being 'detained.' See <u>Alliance Assurance Co. v. United States</u>, 252 F.2d 529, 533-34 (2d Cir. 1958) ('the exception does not . . . bar actions based on negligent destruction, injury or loss of goods in the possession or control of the customs authorities')." <u>Mora</u>, <u>supra</u>, p. 160. Section 2680(c) was amended by the Civil Asset Forfeiture Reform Act of 2000, Section 3, which waived sovereign immunity where (1) the property was seized for the purpose of civil forfeiture, (2) the interest of the claimant was not forfeited, and (3) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to federal criminal forfeiture. CHS' case meets these three criteria.

CHS' petition meets the requirement that a claim must be filed with Customs. It was not for a sum certain because at the time CHS was unaware that its seized generators were to be auctioned. Section 2675(b) provides that increased amounts may be allowed based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

Again we bring to the Court's attention that the sale of CHS' seized generators by Customs pursuant to 19 U.S.C. §1612, in the circumstances of this case, may be construed as a deprivation of CHS' property without due process. See, e.g. Luis Gines-Perez v. Raymond W. Kelly, 333 F. 3d 313 (1s Cir. 2003).

## Conclusion

This court mus now determine whether defendants' conduct renders them liable for damages either as an equitable remedy or under the FTCA.

Respectfully submitted,

/s/
PETER S. HERRICK, D.C. Bar # 137935
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, Florida 33133
Tel.:  305-858-2332
Fax.: 305-858-6347
Email: pherrick@bellsouth.net
Attorney for Plaintiff