UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHS INDUSTRIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-2205 (GK) |
| ) | ECF |
| UNITED STATES CUSTOMS AND ) | |
| BORDER PROTECTION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**FEDERAL AGENCY DEFENDANTS' PRAECIPE AND
RESPONSE TO PLAINTIFF'S MARCH 24, 2008 FILING**

Pursuant to the Court's March 10, 2008 Order denying plaintiff's motion for an order to show cause [Docket Entry No. 15], the federal agency defendants respectfully request that the Court grant their pending motion to dismiss this action in its entirety. See Docket Entry Nos. 7, 8, and 11.[1]  This motion is ripe for resolution, and the sale of the property, which was purportedly the basis for plaintiff's motion for an order to show cause, has no impact on the reasons why prompt dismissal continues to be appropriate.  In short, this improper challenge to the seizure and forfeiture of property in Georgia should be dismissed because the Court lacks jurisdiction, there is no valid waiver of sovereign immunity for the claims asserted, venue is improper in D.C., and the complaint otherwise fails to state a cognizable claim for relief.

---

[1] References to the individuals named in the Complaint in this Praecipe do not constitute an appearance by them in this matter.  Because they have never been served, the individuals are still under no obligation to respond in this action.  See Fed. R. Civ. P. 12(a).  All employees expressly reserve all defenses available to them, including insufficiency of service of process and immunity from suit.

The federal agency defendants also respectfully advise the Court that plaintiff filed an administrative petition in September, 2007 with U.S. Customs and Border Protection ("CBP") requesting restoration of the proceeds of the sale of the property which is the subject of this action. As of the filing of this praecipe, this administrative petition is still pending. If CBP acts on the petition while this litigation is ongoing, defense counsel will promptly notify the Court of its disposition, but the Court should not await the resolution of the administrative petition before resolving the pending motion to dismiss because the Court lacks subject matter jurisdiction over this case.

In its Complaint, plaintiff seeks return of the generators as one form of relief. See Complaint ¶ 34. As explained in the government's opposition to plaintiff's motion for an order to show cause, the net proceeds of the sale of the generators now represent the substitute for the generators themselves. See Docket Entry No. 13. If CBP grants plaintiff's petition, then at least that portion of plaintiff's complaint will become moot, but the Court should address the motion to dismiss because plaintiff bears the burden of establishing this Court's jurisdiction, and the jurisdictional issue should be addressed before the merits. See American Farm Bureau v. Envt'l Prot. Agency, 121 F.Supp.2d 84, 90 (D.D.C. 2000); Galvan v. Federal Prison Indus., 199 F.3d 461, 463 (D.C. Cir. 1999) ("Jurisdiction must be established before a federal court may proceed to any other question.").

Significantly, placement of the funds from the sale of the property into the Treasury Forfeiture Fund does not cure the initial defect in either jurisdiction or venue

based on the seizure of the property at the Port of Savannah, Georgia. Only the proper court in Georgia could ever have acquired jurisdiction over plaintiff's claim for the generators, and that jurisdiction is not displaced by the sale. See United States v. Real Property at 2659 Roundhill Drive, 194 F.3d 1020 (9th Cir. 1999) (court does not lose properly acquired jurisdiction over *res* simply because there is a change in control or possession; court retained jurisdiction over real property even after it was sold at foreclosure sale). Venue is likewise unaffected by the sale of the forfeited property. Cf. United States v. Portrait of Wally, 2002 WL 553532 (S.D.N.Y. 2002) (in importation case, venue under section 1355(b) lies in the district where the importation occurred); 28 U.S.C. § 1355(b). Plaintiff's allegations and the record before the Court demonstrate that all the seizure and sale of the goods and decisions relating to those actions all happened outside of D.C. Consequently, the sale of the property is irrelevant for purposes of evaluating the pending motion to dismiss. For all of the reasons discussed in the federal agency defendants' motion, this case should be dismissed in its entirety. See Docket Entry No. 7.

Plaintiff's response to the Court's March 10, 2008 Order was to file an amended opposition to defendants' motion. See Docket Entry No. 16. In it, plaintiff appears to suggest that the sale of the property might enable the Court to grant plaintiff relief pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"). Plaintiff's new theory, raised for the first and only time in its brief, is incorrect for several reasons.

First, plaintiff fails to suggest anywhere that it has ever filed an administrative claim for damages as required for establishing district court jurisdiction under the FTCA. See 28 U.S.C. § 2675(a); Hohri v. United States, 782 F.2d 227, 245-46 (D.C. Cir. 1986), reh'g denied, 793 F.2d 304 (D.C. Cir. 1987), rev'd on other grounds sub nom., United States v. Hohri, 482 U.S. 64 (1987). An action cannot be maintained under the FTCA where the judicial complaint is filed before such an administrative claim is finally denied or six months have passed. See 28 U.S.C. § 2401(b). Therefore, because plaintiff has not properly exhausted its administrative remedies, this Court would lack jurisdiction to entertain plaintiff's putative tort claims. Id.; McNeil v. U.S. Public Health Serv., 508 U.S. 106 (1993); GAF Corp. v. United States, 818 F.2d 901, 904 & n.86 (D.C. Cir. 1987).[2]

In addition, plaintiff may not cure this defect by filing an administrative tort claim now and waiting six months. McNeil v. United States, 508 U.S. 106 (1993) (where

---

[2] Because plaintiff has not even alleged exhaustion, it has failed to assert facts that would state a claim within the jurisdiction of this Court. See Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) ("Insofar as the complaint seeks recovery from the United States in tort, it was also deficient in that, apart from other considerations, it failed to allege the presentation of a claim to the appropriate Federal agency and a final disposition of the claim by that agency."); Clayton v. Pazcoquin, 529 F. Supp. 245, 247-48 (W.D. Pa. 1981) (dismissing for lack of jurisdiction, inter alia, because the complaint did not allege that an administrative claim was presented to the Federal agency); Campbell v. United States, 496 F. Supp. 36, 38 (E.D. Tenn. 1980) ("The complaint herein is deficient, in that it fails to aver that the required administrative procedures were timely commenced and that there has been a final disposition of the administrative claim by the appropriate agency or agencies.").

administrative tort claim is not presented before commencing suit in court, suit must be dismissed even if claim is subsequently presented).[3]

Beyond the fatal absence of any administrative exhaustion of a tort claim, plaintiff may not prevail under the FTCA because nowhere is it even mentioned in the operative pleading as a basis for any claim.  Fed. R. Civ. P. 8; Bell Atlantic Corp. v. Twombly, — U.S. —, 127 S. Ct. 1955, 1965 & n.3 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a plaintiff must make "a 'showing,' rather than a blanket assertion, of entitlement to relief.'" ); Gregg v. Barnett, 771 F.2d 539, 547 (D.C. Cir. 1985) ("the complaint must set forth sufficient information to suggest that there exists *some* recognized legal theory upon which relief can be granted." ) (emphasis in original and citation omitted).

---

[3] Plaintiff's petition for restoration of proceeds is not sufficient to satisfy the jurisdictional requirement of filing an administrative tort claim.  See Orlando Helicopter Airways v. United States, 75 F.3d 622, 625 (11th Cir. 1996); Snowbird Constr. Co. v. United States, 666 F. Supp. 1437, 1445 (D. Idaho 1987); Latz v. Gallagher, 562 F. Supp. 690, 692 (W.D. Mich. 1983); Gordon H. Ball, Inc. v. United States, 461 F. Supp. 311, 315 (D. Nev. 1978).  Among other things, it fails to set forth the sum certain being demanded.  See 28 U.S.C. § 2675; see Ahmed v. United States, 30 F.3d 514, 517 (4th Cir. 1994); Kendall v. Watkins, 998 F.2d 848, 852-53 (10th Cir. 1993); College v. United States, 572 F.2d 453, 454 (4th Cir. 1978) (letter informing of the nature of the suit, the injuries and alleging negligence by the United States was insufficient to satisfy the notice requirements of the FTCA because it failed to provide a sum certain for damages being sought); Montoya v. United States, 841 F.2d 102, 105 (5th Cir. 1988) (Standard Form 95 insufficient because it failed to provide a specific dollar amount for injury).  It also fails to include evidence of the attorney's authority to act on behalf of the claimant, as required by 28 C.F.R. § 14.2(a).  CBP's actual notice of the events and plaintiff's request for compensation is irrelevant because proper presentation of any tort claim is required by statute.  See Glarner v. United States Dep't of Veterans Affairs, 30 F.3d 697 (6th Cir. 1994); Burns v. United States, 764 F.2d 722, 725 (9th Cir. 1985); Farmers State Savings Bank v. Famers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989).

> '[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.' To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief.

Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)); accord Payne v. Ryder Sys. Inc. Long-Term Disability Plan, 173 F.R.D. 537, 540 (M.D. Fla. 1997) ("plaintiff cannot amend a complaint through statements in a brief."). Accordingly, the Court should not even consider any FTCA claim at this time.

Third, the Complaint also fails to identify the United States as a party. Although the United States is the only proper defendant under the FTCA, 28 U.S.C. § 2679, there is no need to substitute the United States here because of the multiple other jurisdictional defects preventing this matter from proceeding under the FTCA or otherwise. In particular, plaintiff's allegation in its brief that it satisfies the exception to the exception found in 28 U.S.C. § 2680(c) is demonstrably false based only on the record already filed in this Court. The interest of plaintiff was forfeited by operation of law in April 2007. See Declaration of Mary Bensel-Mills, ¶ 6 (attached to Defs.' Opp. To Pl.'s Mot. For Order to Show Cause [Docket Entry No. 13]).[4] Accordingly, plaintiff fails to satisfy the requirement in 28 U.S.C. § 2680(c)(2), and the FTCA bars plaintiff's

---

[4] The Court may consider matters outside the pleading in resolving a motion to dismiss. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992). Plaintiff has been on notice of the declaration since it was filed several months ago.

belated, improperly asserted and unexhausted claim under the FTCA.[5]  Nothing in plaintiff's response to the Court's March 10, 2008 Order shows any reason why this case should not be dismissed.

Finally, undersigned counsel has confirmed that as of March 24, 2008, the three individual employees identified in the Complaint by name but not identified as defendants (although unknown employees of both CPB and the Environmental Protection Agency are listed in the caption) still have not been served with a summons and copy of the complaint in this matter as required by Fed. R. Civ. P. 4(e).  The time for doing so has long since passed (Fed. R. Civ. P. 4(m)), and plaintiff has never sought an extension of time or otherwise demonstrated good cause for serving the people identified in paragraphs 5-7 of the Complaint late despite being on notice for nearly a year of the defect.  See Fed. Agency Defs.' Motion to Dismiss at 1-2 [Docket Entry No. 7].  Because the pendency even of putative claims against them in their individual capacities can create potential complications, for example in private financial transactions, the federal agency defendants respectfully urge the Court to grant the motion to dismiss as promptly as the Court's docket will allow.  See Simpkins v. District of Columbia Gov't, 108 F.3d 366, 370 (D.C. Cir. 1997) ("delaying the inevitable [dismissal of individual capacity claims] would not be in keeping with the Supreme

---

[5] Because no claim under the FTCA is currently included in the Complaint and the Court merely requested the filing of a praecipe, the federal agency defendants are not attempting to set forth all possible grounds for dismissing plaintiff's putative FTCA claim.  Were the Court to reach any claim under the FTCA, the defendants respectfully request an opportunity to submit full argument and evidence on such a claim.

Court's instruction to the lower courts 'to weed out' insubstantial <u>Bivens</u> suits 'expeditiously.'") (quotation and citation omitted).

Dated: March 25, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

 /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

 /s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th St., N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161 (phone)
(202) 514-8780 (fax)